Stafford *v.* Onderdonk.

———————◆———————

Same Term.    *Before the same Justices.*

Stafford *vs.* Onderdonk and others.

The only statutory provisions regulating costs, which are now in force are those contained in the code.

Where a plaintiff recovers costs against a portion of the defendants, he may discontinue his suit as to a co-defendant who has answered jointly with them, without the payment of costs to him.

This was an appeal by the defendant Bibby, from a judgment rendered at a special, term by which the suit was discontinued as to him, but without costs. The facts appear in the opinion of the court.

*R. Benner,* for the plaintiff.

*By the Court,* Edwards, J. This action was brought against the maker and the first and second indorsers of a prom-

Stafford *v.* Onderdonk.

issory note. All the defendants appeared by the same attorneys, and answered jointly. After the suit was at issue, and had been noticed for trial, the maker and first indorser made an offer, under section 385 of the code, to allow judgment against them, and the question now presented is, whether the plaintiff can discontinue as to the other defendant, Bibby, without the payment of costs.

By section 303 of the code it is declared that all statutes establishing or regulating the costs or fees of attorneys are repealed. It must follow that the only statutory provisions regulating costs, which are now in force, are those contained in the code. Section 304 declares that costs shall be allowed of course to the plaintiff upon a recovery in certain actions which are particularly specified, and, amongst others, mentions an action for the recovery of money, where the plaintiff shall recover fifty dollars or more. In the case before us the amount for which judgment was recovered was above that sum.

It is provided by section 305 that costs shall be allowed of course to the defendant in the actions mentioned in section 304, unless the plaintiff be entitled to costs therein. It is contended on the part of the plaintiff, that the words " unless the plaintiff be entitled to costs therein" restrict the defendant's right to recover costs to those cases in which the plaintiff is not entitled to recover costs *in the suit.*

This section of the statute undoubtedly admits of that construction ; and we are not prepared to say that it admits of any other.

It is subsequently declared, however, that " where there are several defendants, not united in interest, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have judgment in their favor, or any of them." The plaintiff refers to this clause of the statute, to show that the case which is therein provided for is the only case in which one of the defendants will be entitled to costs in a suit in which the plaintiff is entitled to costs against any of the other defendants. And he contends that this is a general provision, applicable to

Stafford *v.* Onderdonk.

all the preceding sections, and that it is not confined in its application to section 306 which immediately precedes it.

Now it would seem that the legislature could not have intended that the provision alluded to should restrict the power granted to the court by section 306. If it had so intended, would it have used language which might have been more properly used in a case in which it was intended to give, rather than to take away a power; and would it not have restricted the power by express words, and not by implication?

The only reasonable construction which we can give to this provision is that the legislature supposed that in the case provided for by section 305 a defendant could not recover costs in any case in which the plaintiff should be entitled to costs in the suit; and that, although under section 306 the court could give the costs to the one side or the other, in its discretion, still that it could not give costs in favor of the plaintiff as against some of the defendants, and in the same suit give costs against the plaintiff in favor of some of the other defendants. And in view of this supposed difficulty, the provision alluded to was introduced, and was intended to apply both to sections 305 and 306, or it was intended to apply to section 305 alone; and in either event the defendant who has judgment in his favor in this suit having answered jointly with his co-defendants, would not be entitled to costs.

With these views we think that the decision made at the special term was correct.